NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0328n.06

Case No. 23-3471

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| SHAIN DAYTON GEORGE, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

**FILED**
Jul 29, 2024
KELLY L. STEPHENS, Clerk

Before: SILER, CLAY, and GRIFFIN, Circuit Judges.

**SILER, Circuit Judge.** Shain George was arrested and charged with possession of an unregistered short-barreled shotgun. He signed a plea agreement which waived his appellate rights and prohibited the parties from arguing for a sentence outside the Guidelines range. However, at sentencing the district court learned that the jail had caught George in possession of contraband. In light of the contraband, as well as other factors, the court varied upwards from the 30-month top of the Guidelines range and sentenced George to 36 months in prison. George argues that the 6-month variance was substantively unreasonable. We disagree and affirm.

## I.

George's friend and erstwhile partner in crime, Stephen Horn, took George to the hospital in Canton, Ohio, with gunshot wounds to both feet. George told police that he had been shot while attempting to sell a sawed-off shotgun. Police soon discovered the truth, however: that Horn accidentally shot George in the feet while they were sawing off the shotgun's barrel. George

turned himself in to the police and eventually pled guilty to possession of an unregistered short-barreled shotgun.

The plea agreement stated that the parties agreed to recommend a within-Guidelines sentence and that neither party would suggest or argue for a variance or departure. The government agreed to recommend a three-level reduction for acceptance of responsibility and assistance to the government under USSG § 3E1.1. In an addendum to the agreement, the parties further agreed that the government would seek an additional two-level reduction for substantial assistance.

True to its word, the government argued for the reductions at the sentencing hearing. Although the district court was skeptical that George's assistance was sufficiently substantial, remarking that "the government [is] dolling out . . . substantial assistance [reductions] without substantial assistance," it granted the request. These reductions yielded a Guidelines range of 24–30 months imprisonment. George's attorney argued for a sentence on the low end of the Guidelines based on his assistance to the government, the fact that he turned himself in to law enforcement, and that he had already served 21 months in prison awaiting sentencing. In response, the government noted significant portions of George's criminal history were not counted, including failing to register as a sex offender three times, possession of cocaine, and unlawful sexual conduct with a minor. The government attorney also noted that George had been caught with contraband when a random cell search found a phone and charger under his pillow.

Upon learning of this, the district court immediately noted that, in accordance with its longstanding policy communicated to every defendant, possession of contraband in prison would automatically gain the defendant an additional six months of incarceration. George's attorney explained that George had faced no disciplinary action over the phone in part because it belonged to another inmate who slid it under George's door when officers arrived to search his cell. But the

district court noted that George still made a choice to retain the phone and hide it from officers, instead of handing it over as soon as he came into possession of it.

During the sentencing colloquy, the district court noted the danger that contraband poses in the prison system and the fact that George had a history of noncompliance. It also noted that past rehabilitative measures had failed. The court then proceeded through the relevant § 3553(a) factors, including the nature and circumstances of the offense; George's history and characteristics, including his numerous domestic-violence-related offenses, his danger to the community, his family relationships, and his health issues; any possible sentencing disparities; and the necessity of the sentence imposed. The final sentence imposed a term of imprisonment of 36 months—a 6-month upward variance from the 30-month Guidelines upper limit—and included a strong admonition that any violence against women would land him in prison for a far longer term.

**II.**

Criminal sentences must be both procedurally and substantively reasonable. *United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007). A sentence is substantively unreasonable if it is arbitrary, based on impermissible factors, or fails to consider or properly weigh any of the relevant 18 U.S.C. § 3553(a) factors. *Id*. at 332. Although the Sentencing Guidelines are no longer mandatory and a within-Guidelines sentence is presumed reasonable, a sentence outside the Guidelines is not necessarily presumptively *unreasonable*. *Id*. On review, we look more closely at sentencing variances in "mine-run" cases; in other words, those cases considered "a normal case under the governing Guidelines range." *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). Unusual cases are granted more deference.

Judges may vary from the Guidelines range for an individual defendant but must justify such a variance by reference to the § 3553(a) factors. *United States v. Demma*, 948 F.3d 722, 728–

29 (6th Cir. 2020). Such reference may be implicit rather than explicit, and the district court need not engage in a "ritualistic one-by-one incantation of each factor." *United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016) (internal quotation marks and citation omitted). Instead, on review, we examine the record to determine if the district court's explanation was "sufficient . . . to discern that the judge weighed the relevant factors." *Id.* That review is conducted under an abuse of discretion standard. *Husein*, 478 F.3d at 325.

This was not a mine-run case. In fact, George's prior uncounted offenses bear significant similarities to those in *United States v. Cechini*, 834 F. App'x 201, 205 (6th Cir. 2020). While George argues that his case was not unusual under the Guidelines because the only abnormal factor was his possession of contraband in prison, that oversimplifies the record. As the court noted and government counsel pointed out, much of George's criminal history was not counted for purposes of the Presentence Report and the Sentencing Guidelines. He had been convicted of unlawful sexual conduct with a minor, failure to register as a sex offender three times, and possession of cocaine. And in his previous incarcerations, he had multiple incident reports from prison infractions. Later, the court noted that George had multiple uncounted juvenile convictions and other crimes including forgery, theft, domestic-violence misdemeanors, and other convictions that "appear they may also be related to domestic violence-type offenses." All of this was in addition to his helping another inmate hide contraband in jail and the underlying crime itself, which involved George and a co-defendant manufacturing an illegal weapon.

In *Cechini*, where we found the sentence substantively reasonable and the case itself outside the "mine-run" expected by the Guidelines, the defendant had multiple similar convictions. We noted that the Guidelines range "did not account for his 12 criminal convictions from 1990 to 2003" nor did it "fully capture the patterns of domestic violence and of failing to appear at his

criminal proceedings." *Id.* These "unscored convictions and patterns of criminal conduct . . . did not fully represent his likelihood of recidivism and placed his felon-in-possession conviction outside the 'heartland.'" *Id.*; *see also United States v. Johnson*, 934 F.3d 498, 499–500 (6th Cir. 2019) (upholding a 30-percent upward variance as substantively reasonable where the defendant "had repeatedly violated [] gun possession laws" and had a number of convictions not fully captured by his criminal history). The same is true here. George's long history of criminal conduct—much of it unscored—was not reflected in the Guidelines sentencing range, placing George's case well outside of the "mine-run" of similar cases. Additionally, the district court extensively justified its upward variance by reference to George's multiple uncounted offenses and the details of his case. This was not an arbitrary decision.

George briefly complains that the district court imposed the 6-month upward variance without any finding on the applicable § 3553(a) factors. There are three problems with this argument. First, it is difficult to square with the clear distinction between procedural and substantive reasonableness challenges. George unequivocally brings a substantive challenge, not a procedural one, but a claim that the court "fail[ed] to calculate (or improperly calculate[ed]) the Guidelines range" is a procedural challenge. *Gall v. United States*, 552 U.S. 38, 51 (2007); *Husein*, 478 F.3d at 330 ("A sentence is procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider [other § 3553(a) factors]." (internal quotation marks and citations omitted)). Second, it ignores most of the district court's statements at sentencing, where it examined multiple § 3553(a) factors including the nature and circumstances of the offense; George's history and characteristics, including his numerous domestic-violence-related offenses, his danger to the community, his family relationships, and his health issues; any possible sentencing disparities; and the necessity of the sentence imposed. Third, it implicitly

argues—without citation to any case—that the district court must conduct the § 3553(a) analysis twice: first for the variance itself, and then for the sentence in its entirety. That is the only way to reconcile the court's multiple references to the § 3553(a) factors with George's argument that the court failed to consider the necessary factors. But the law requires that the *entire sentence* be imposed in the context of the § 3553(a) factors, not that every decision made in the calculation of the sentence be independently evaluated by that standard. *See Husein*, 478 F.3d at 329–32 (discussing § 3553(a) in the context of sentences as a whole). As George himself noted in his Opening Brief, "the final consideration is whether the sentence conforms to the goals of § 3553(a)."[1] In light of the unique circumstances of the crime, George's significant unscored criminal record, and his violation of jail rules while incarcerated awaiting sentencing, we hold that his sentence was not substantively unreasonable.

AFFIRMED.

---

[1] George also half-heartedly raises an objection that the 6-month variance on a 30-month sentence was proportionally too high as a percentage of the total time imposed. While it is true that percentages can be considered on appeal when evaluating the reasonableness of the sentence, the government correctly points out multiple cases that upheld greater than 20% variances as reasonable. *See, e.g.*, *United States v. Stewart*, 628 F.3d 246, 260 (6th Cir. 2010 (affirming a 100% upward variance). There is no per se rule that variances over a certain percentage of the Guidelines range are always unreasonable.